Filed 6/27/24  P. v. Riley CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRITIN AMIEL RILEY,<br><br>    Defendant and Appellant. | D081347<br><br><br>(Super. Ct. No. FVI800042) |


APPEAL from an order of the Superior Court of San Bernadino County, Debra Harris, Judge.  Reversed and remanded with directions.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

In 2019, Britin Amiel Riley filed a petition to vacate his 2010 murder conviction under Penal Code[1] section 1170.95 (since renumbered as section 1172.6). In this third appeal from the superior court's orders on his petition, Riley contends the December 2, 2022 order denying his request for resentencing relief after an evidentiary hearing must be reversed because the court applied the wrong standard. He seeks another evidentiary hearing and argues the hearing should address his attempted murder convictions in addition to his murder conviction.

The People assert the trial court denied the petition using the proper standard and any error was harmless in light of the overwhelming evidence in the record that Riley is guilty under current law as a direct aider and abettor. The People also maintain that Riley must file a new petition to request resentencing on his attempted murder convictions.

We conclude the superior court failed to act as an independent fact finder and applied the incorrect standard and analysis at the evidentiary hearing. We cannot say the error was harmless and we therefore reverse the order and remand this matter with specific directions to the superior court to conduct another evidentiary hearing as the independent fact finder and to determine if the prosecution has proven, beyond a reasonable doubt, that Riley is guilty of murder under current law in accordance with subdivision (d)(3) of section 1172.6. If Riley wishes to seek resentencing relief for his attempted murder convictions, he must file a separate petition.

FACTUAL AND PROCEDURAL BACKGROUND

"Riley was a member of the Rolling 40s Crips gang. In 2007, he drove to a convenience store with acquaintances. His acquaintance entered the

---

[1] All further statutory references are to the Penal Code.

2

store while he remained in the vehicle. Two of the acquaintances got into an altercation with persons associated with the Fruit Town Brims, a Blood gang. The acquaintances returned to the vehicle and Riley drove away from the convenience store. However, he later turned the vehicle around and followed two vehicles he believed were transporting the Fruit Town Brims associates. He pulled alongside them and someone in Riley's vehicle fired shots at the other vehicles. One of the bullets struck and killed 15-year-old Mylela Ransom." (*People v. Riley* (Apr. 9, 2020, D076020 [nonpub. opn.].)[2]

In 2010, a jury convicted Riley of one count of first degree murder (§ 187, subd. (a)); five counts of attempted premeditated murder (§§ 187, subd. (a), 664); two counts of shooting at an occupied vehicle (§ 246); and one count of street terrorism (§ 186.22, subd. (a)). Relative to the murder conviction, the jury deadlocked on the personal use of a firearm special allegation (§ 12022.53, subd. (d)) but found true the street gang special circumstance (§ 186.22, subd. (b)(1)). The jury also found true the allegations that Riley had a strike prior (§ 667, subds. (b)-(i)) and a prison prior. (§ 667.5, subd. (b).) He was sentenced to an indeterminate term of 212 years to life in prison, and this court affirmed the judgment in a 2012 unpublished opinion. (*People v. Riley* (July 26, 2012, D058999) [nonpub. opn.].)

In 2019, Riley filed a petition to vacate his murder conviction under former section 1170.95 (Stats. 2018, ch. 1015, § 4). The trial court granted

---

2    We grant Riley's unopposed request for judicial notice of this court's prior appellate opinions relating to Riley's resentencing petition (opinion filed April 9, 2020 in appellate case No. D076020 and opinion filed August 26, 2021 in case No. D078125) in addition to this court's July 26, 2012 opinion affirming the underlying judgment of conviction and the appellate record in case No. D058999.

the People's motion to strike the petition on constitutional grounds, and this court reversed the order. (*Riley, supra,* (D076020).)

After considering the petition, the superior court summarily denied it at the prima facie stage. Quoting a portion of the factual background contained in this court's 2021 appellate opinion, the superior court concluded "Riley was the actual killer" and therefore ineligible for resentencing relief. This court again reversed the order. In that appeal, the parties asserted, and this court agreed, the superior court's denial "was the result of impermissible factfinding" at the prima facie stage. The matter was remanded to the superior court with directions to issue an order to show cause and "conduct an evidentiary hearing as required by statute." (*People v. Riley* (Aug. 26, 2021, D078125 [nonpub. opn.].)

On January 11, 2022, the People filed a supplemental brief opposing the petition in which they reiterated the constitutional challenges to the resentencing statute and argued Riley was ineligible for relief because he was convicted of first degree murder as the actual killer or shooter at an occupied vehicle, not under a felony murder or natural consequences theory, and he could also be convicted under current law as a direct aider and abettor. They also requested judicial notice of the reporter's trial transcripts, the preliminary hearing transcript, the probation report, transcripts of Riley's recorded phone conversations admitted at trial as Exhibits 83 through 99, and this court's 2012 appellate opinion affirming the judgment.

After multiple continuances at counsel's request, another superior court judge was assigned to conduct the evidentiary hearing based on the trial judge's unavailability. At a July 22, 2022 status hearing, the court

considered Riley's request to appear by video at the evidentiary hearing,[3] and the parties confirmed they did not intend to call any other witnesses or introduce any additional evidence aside from the documents contained in the trial court's file and those listed in the People's request for judicial notice.

On September 27, 2022, Riley filed a supplemental brief in which he claimed the prosecution was unable to satisfy its burden to prove Riley was guilty as the actual shooter or as an aider and abettor with the intent to kill without introducing additional evidence. He further argued the prosecution could not prove beyond a reasonable doubt that Riley was a major participant who acted with reckless indifference to human life, taking into account the factors set forth in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) including Riley's youth at the time of the offense. He further asserted he was now also eligible for resentencing relief relative to his attempted murder convictions that were based on an ill-defined kill zone theory rather than the requisite specific intent to kill.[4]

Riley appeared at the December 2, 2022 evidentiary hearing by video. At the outset of the hearing, the court informed the parties that it had reviewed "the record of conviction" and specifically referenced some of the jury instructions and noted the jury had deadlocked on the personal use of a firearm special allegation. Although the court expressly granted the prosecution's request for judicial notice of certain trial exhibits and

---

[3]     Riley requested to appear by video at the evidentiary hearing to avoid being transported to county jail.

[4]     Riley filed his underlying petition before the Legislature passed Senate Bill No. 775, which expanded the resentencing scheme to include attempted murder convictions. (See former § 1170.95, subd. (a) (Stats. 2021, ch. 551, § 2).)

referenced a "review of the file" later in the hearing, the record does not clearly reflect the evidence the court judicially noticed or considered.[5]

The prosecution argued Riley was ineligible for resentencing because: (1) he was not prosecuted under a theory of felony murder; (2) there was "sufficient evidence in the record that could be reproduced for a jury to show that Mr. Riley was the actual killer based on . . . his own testimony, his actions after the crime, and his own motive;" and (3) even if a jury were to believe that Cherray Rice was the actual shooter as Riley had testified at trial, it could and would find Riley guilty as a direct aider and abettor based on shared intent rather than a natural and probable consequences theory. The prosecution did not argue that Riley was guilty as a major participant that acted with reckless disregard for life, nor did it address his youth at the time of the offense.

Riley's counsel countered that the jury "never made a determination of whether or not Mr. Riley had the actual intent to kill." Highlighting the absence of true finding of the special allegation of the personal use of a firearm, the jury instructions on natural and probable consequences, the prosecutor's closing argument at trial referencing the trial court's aiding and abetting instruction that did not, back in 2010, include intent to kill, Riley's counsel asserted the "only logical explanation" is that the jury convicted Riley of first degree murder based on the natural and probable consequences doctrine.

---

[5]    The court did not expressly rule on all the items listed in the prosecution's request for judicial notice, and its ruling remains unclear. The prosecution sought judicial notice of trial Exhibits 83–99 (transcripts of Riley's wire-tapped phone conversations after the shooting), but the reporter's transcript reflects the court judicially noticed Exhibits "38 through 89," and the corresponding minute order refers to Exhibits "83 [through] 89."

The court denied the petition and went on to explain "there is substantial evidence that a jury would have found, beyond a reasonable doubt, that that defendant would be guilty under the current state of the law."

Riley filed a timely appeal.

DISCUSSION

*Legislative history and applicable legal standards*

Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4) amended sections 188 and 189 of the Penal Code to "eliminate[ ] natural and probable consequences liability for murder as it applies to aiding and abetting" (*People v. Lewis* (2021) 11 Cal.5th 952, 957) and to significantly limit the scope of the felony-murder rule "to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*); see § 189, subd. (e)(1)–(3).)  Senate Bill No. 1437 also added former section 1170.95, which went into effect on January 1, 2019, permitting a person convicted of felony murder or murder under a natural and probable consequences theory who could not be convicted under current law to petition the trial court to vacate the murder conviction and resentence petitioner on any remaining counts. (See former § 1170.95, subd. (a) (Stats. 2018, ch. 1015, § 4).)

In 2021, after Riley's second successful appeal from the superior court's orders on his petition, the Legislature passed  Senate Bill No. 775, which amended section 1170.95 to extend relief to defendants convicted under "any theory under which malice is imputed to a person based solely on that person's participation in a crime" and expanded the eligible offenses to

include attempted murder and manslaughter. (§ 1170.95, subd. (a) (Stats. 2021, ch. 551, § 2).) It also significantly amended subdivision (d)(3) to clarify what evidence may be considered at an evidentiary hearing, the prosecution's burden of proof and the standard by which trial courts should review the evidence. (Former § 1170.95, subd. (d)(3).) Subdivision (d)(3) unequivocally states "[t]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189," and includes the express qualification that "[a] finding that there is substantial evidence to support a conviction . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)[6]

The trial court's role at the evidentiary hearing is "to act as an independent fact finder and determine, in the first instance, whether the petitioner committed murder under the law as amended by Senate Bill No. 1437. [Citations.]" (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 123 (*Guiffreda*).) The statute does not require the trial court to issue a statement of decision or make express factual findings on the record. (Cf. § 1172.6, subd. (c) [requiring statement of reasons for denial at prima facie stage].)

*The trial court did not act as an independent fact finder*

Our review of the record as a whole reveals the trial court did not act as an independent fact finder at the evidentiary hearing and apparently misunderstood the prosecution's burden. At the prehearing status conference

---

6     The Legislature later renumbered former section 1170.95 as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to section 1172.6 throughout the remainder of this opinion.

in July 2022, the trial court cautioned counsel to "[m]ake sure that we are settled on the current law, meaning we know that it's the People's burden but if there's evidence beyond a reasonable doubt that the jury *could* have convicted defendant, then People have met their burden. I [want to] make sure we don't disagree on the law. If you have a disagreement [with] that[,] you can brief it." These comments reflect a misapprehension of the prosecution's burden and the lens through which the court considers the evidence that echoes an older view that had already been eclipsed by the amendments to section 1172.6, subdivision (d)(3).[7]

Rather than direct the court to the applicable statutory language during the months before the evidentiary hearing, the prosecution perpetuated the court's misunderstanding of its role and repeatedly misstated its burden during the hearing. The prosecution argued "the question is *sufficiency* of the evidence. [¶] Here, there was sufficient evidence in the record that could be reproduced *for a jury* to show that Mr. Riley was the actual killer . . . " (Italics added.) The prosecution similarly argued that even if anyone believed Cherray Rice was the actual shooter, "a *jury could* easily find [Riley] guilty either as the actual killer or as a direct aider and abettor with intent to kill." (Italics added.) The prosecution confirmed the court's understanding that it was asked to find "there [was] evidence beyond a reasonable doubt that a jury *could have* and *would have* found him guilty under the current state of the law because of the

---

[7] Prior to the enactment of Senate Bill No. 775 (Stats. 2021, ch. 551, § 2), some courts had embraced the view that "the trial court had to deny the petition as long as there was substantial evidence to support the original jury's finding, beyond a reasonable doubt, that the petitioner was guilty of murder under current law." (See *People v. Vance* (2023) 94 Cal.App.5th 706, 714-715.)

shared intent," but the court then referenced the incorrect standard when clarifying the prosecution's argument that "the issue . . . is whether or not there's *sufficient* evidence to support a guilty verdict for the current state of the law." (Italics added.)

Although Riley's counsel had correctly reframed the question as whether the prosecution proved "beyond a reasonable doubt" that Riley is "guilty of murder under a current valid theory of law," the prosecution continued its mischaracterization of the trial court's role and its burden. It maintained the court's analysis should be "if . . . this stack of evidence that was reflected in the record of conviction [was] in front of a new jury, . . . , *could they* find [Riley] guilty under the valid theory of law today" and argued "there [was] more than *substantial* evidence to do so." (Italics added.)

At the conclusion of the hearing, the court found the prosecution had met its burden and denied the petition. The court went on to explain, "there is substantial evidence that *a jury would have found*, beyond a reasonable doubt, that that defendant *would* be guilty under the current state of the law." (Italics added.)

The proper question is whether the trial court, independently assessing the evidence as a factfinder (see *Guiffreda, supra,* 87 Cal.App.5th at p. 123) concludes the admissible evidence before it proves, beyond a reasonable doubt, that Riley was guilty of murder under current law. (§ 1172.6, subd. (d)(3).) The court did not make any express factual findings or cite to any specific evidence upon which it had relied, and it apparently made its decision to deny the petition based on the prosecution's faulty analysis of what a jury would have found. (See *People v. Tessman* (2014) 223 Cal.App.4th 1293, 1302 [we may consider the trial court's statements to the extent they "disclose[] an incorrect rather than a correct concept" of the law].)

10

Considering the court's comments within the context of the record, it is apparent the court did not embrace its role as an independent fact finder and erroneously considered the evidence based on what a hypothetical jury "would have found." The prosecution's burden "is neither conditional nor hypothetical." (*People v. Clements* (2022) 75 Cal.App.5th 276, 296.) The prosecution must prove Riley is "ineligible for resentencing, not that he . . . might be or could be ineligible." (*Ibid.*)

On this record, we cannot say the error was harmless. (Cf. *People v. Cody* (2023) 92 Cal.App.5th 87, 110 ["Although at one point the trial court alluded to what a 'reasonable and rational jury' would do, the court immediately corrected itself by saying, 'of course I'm not saying what they would do. I'm the independent fact finder here, so let's be clear.'"]; *People v. Garrison* (2021) 73 Cal.App.5th 735, 745 [despite the trial court's application of the incorrect standard, error was harmless based on defendant's ineligibility for relief as a matter of law].) Accordingly, we reverse the court's order denying Riley's petition and remand the matter to the superior court to hold a new evidentiary hearing to determine whether the prosecution proved, beyond a reasonable doubt, that defendant is guilty of murder under current law in accordance with section 1172.6, subdivision (d)(3).

*Directions on remand*

At the new evidentiary hearing, Riley must be personally present or provide "a knowing, intelligent[,] and voluntary written waiver of his presence." (*People v. Basler* (2022) 80 Cal.App.5th 46, 62; see also *People v. Quan* (2023) 96 Cal.App.5th 524, 536.) The court may consider previously admitted evidence if it remains "admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed" (§ 1172.6, subd. (d)(3)), and the parties may offer new or additional

evidence that may be admitted in accordance with the Evidence Code. (*Ibid.*) To avoid any ambiguity in the record, if the parties request any matters to be judicially noticed by the court at the evidentiary hearing, they must file and serve such a written request for judicial notice following remand. The court may consider the procedural history set forth in this court's prior appellate opinions (*ibid.*) but should not rely on this court's factual summaries.

The court must consider the evidence as an independent factfinder (see *Guiffreda, supra,* 87 Cal.App.5th at p. 123) and determine whether the admissible evidence before it proves beyond a reasonable doubt that Riley is guilty of murder under current law. (§ 1172.6, subd. (d)(3).) To the extent the prosecution may attempt to prove Riley is guilty on a theory of implied malice murder based on direct aiding and abetting (§189, subd. (d)(2)), the Supreme Court's decision in *People v. Reyes* (2023) 14 Cal.5th 981 explains the applicable guidelines. To the extent the prosecution may attempt to prove Riley is guilty as a major participant in the underlying felony and acted with reckless indifference to human life (§189, subd. (d)(3)), the trial court shall consider the factors outlined in *Banks, supra,* 61 Cal.4th 788 and *Clark, supra,* 63 Cal.4th 522 and their progeny and consider Riley's youth at the time of the offense. (See *People v. Keel* (2022) 84 Cal.App.5th 546, 558–563.)

The burden of proof rests on the prosecution. A finding that there is substantial evidence to support a conviction for murder is insufficient to prove, beyond a reasonable doubt, that Riley is ineligible for resentencing. (§1172.6, subd. (d)(3).) If the prosecution fails to sustain its burden, Riley's murder conviction, "and any allegations and enhancements attached to the conviction, shall be vacated and [Riley] shall be resentenced on the remaining charges." (*Ibid.*) We express no opinion on the outcome of the new evidentiary hearing.

12

If Riley wishes to seek resentencing relief on his attempted murder convictions, he must file a separate petition in accordance with section 1172.6, subdivision (b).[8] We express no opinion on the outcome of such a petition and do not limit the trial court's discretion to coordinate any future trial court proceedings.

## DISPOSITION

The December 2, 2022 order is reversed. The matter is remanded for the trial court to conduct further proceedings consistent with this opinion and applicable law.

HUFFMAN, Acting P. J.

WE CONCUR:

KELETY, J.

RUBIN, J.

---

[8] Riley could have filed another resentencing petition at any time after the January 1, 2022 the effective date of the amendments expanding the scope of the resentencing statute to include attempted murder convictions (see former § 1170.95, subd. (a) (Stats. 2021, ch. 551, § 2); see also *People v. Farfan* (2021) 71 Cal.App.5th 942, 950–951), and his appeal to judicial economy at this juncture is a poor excuse for his attempt to circumvent the statutorily mandated process.